UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
JOHN DOE,

                              Petitioner,                       **MEMORANDUM AND ORDER**

  - against -                                             15-MC-1136 (RRM)

UNITED STATES OF AMERICA,

                              Respondent.
----------------------------------------------------------------x
ROSLYNN R. MAUSKOPF, United States District Judge.

      In June 1986, when he was 24, plaintiff John Doe was arrested by the United States Park Police in Gateway National Recreational Area and charged with possession of a controlled substance and two infractions: possession of an open container of an alcoholic beverage in a motor vehicle and remaining in the park after it closed. Although plaintiff's motion papers do not state precisely how the charges were resolved, they state that he "paid the fine" and is now moving to expunge an "infraction." (Motion to Expunge (Doc. No. 1) at 1, 5.)

      In June 2015—29 years after his arrest—plaintiff filed the instant motion to expunge all records of that infraction. The Court does not have jurisdiction to entertain this motion. "Federal courts … are courts of limited jurisdiction," *Wynn v. AC Rochester*, 273 F.3d 153, 157 (2d Cir. 2001), and the Second Circuit has made it clear that federal district courts generally lack subject-matter jurisdiction over to motions to expunge or seal a valid record of conviction. *Doe v. United States*, 833 F.3d 192 (2d Cir. 2016). The *Doe* Court identified only two "limited circumstances" in which Congress has authorized district courts to expunge lawful convictions, both of which are applicable only to youthful offenders. *Id.* at 199. First, 18 U.S.C. § 3607(c) provides that a court "shall enter an expungement order" upon the application of certain drug offenders who have been placed on prejudgment probation and were less than twenty-one years

old at the time of the offense." Second, 18 U.S.C. § 5021(b) (now repealed) provided that after sentencing a youth offender to probation, a district court "may thereafter, in its discretion, unconditionally discharge such youth offender from probation … which discharge shall automatically set aside the conviction."

The facts alleged in plaintiff's motion indicate that he was 24 at the time of his arrest, so neither of these limited circumstances was ever applicable to plaintiff's case. Since plaintiff has not allege circumstances that would permit the exercise of jurisdiction, this motion is denied. The Clerk of Court is respectfully directed to mail a copy of this Memorandum and Order to petitioner at his last known address, to note the mailing on the docket sheet, and to close this case.

SO ORDERED.

Dated: Brooklyn, New York
October 11, 2023

*Roslynn R. Mauskopf*
ROSLYNN R. MAUSKOPF
United States District Judge